IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

CIVIL ACTION NO.: _____

**HONORABLE MAYOR RANDALL L. WOODFIN, officially as Mayor of the City of Birmingham and individually as a citizen and ratepayer for water services provided by the Birmingham Water Works Board; CLINTON P. WOODS, officially as a Birmingham City Council member and individually as a citizen and ratepayer for water services provided by the Birmingham Water Works Board; HUNTER WILLIAMS, officially as a Birmingham City Council member; VALERIE A. ABBOTT, officially as a Birmingham City Council member and individually as a citizen and ratepayer for water services provided by the Birmingham Water Works Board; JONATHAN T. ("J.T.") MOORE, officially as a Birmingham City Council member and individually as a citizen and ratepayer for water services provided by the Birmingham Water Works Board; DARRELL O'QUINN, officially as a Birmingham City Council member and individually as a citizen and ratepayer for water services provided by the Birmingham Water Works Board; CRYSTAL SMITHERMAN, officially as a Birmingham City Council member; WARDINE T. ALEXANDER, officially as a Birmingham City Council member; CAROL E. CLARKE, officially as a Birmingham City Council member; LATONYA A. TATE, officially as a Birmingham City Council member and individually as a citizen and ratepayer for water services provided by the Birmingham Water Works Board and THE CITY OF BIRMINGHAM, a municipal corporation,**

Plaintiffs,

vs.

**GOVERNOR KAY IVEY, officially as Governor of the State of Alabama, FICTITIOUS PARTIES A-F, whether singular or plural, that entity or those entities who or which were responsible for the actions in question in this lawsuit; Plaintiffs aver that the identities of the Fictitious Party Respondents are otherwise unknown to the Plaintiffs at this time, or if their names are known to the Plaintiffs at this time, their identities as proper party Defendants are not known to the Plaintiffs at this time, but their true names will be substituted when ascertained,**

Defendants.

**JURY TRIAL REQUESTED**

**VERIFIED COMPLAINT FOR TEMPORARY RESTRAINING ORDER,
PRELIMINARY INJUNCTION, AND DECLARATORY RELIEF**

1

## INTRODUCTION

1. This is an action for legal, equitable, and declaratory relief. This suit is brought to seek a declaration that Senate Bill 330 violates the United States Constitution and the Constitution of the State of Alabama. This action is also to enjoin, restrain, and otherwise prevent the Defendants (named and/or fictitious) from signing SB330 into law. This action is to stay the operation, enforce, execution, and application of SB330. Plaintiffs request a trial by jury of all triable issues.

## PARTIES, JURISDICTION, AND VENUE

2. Plaintiff, the Honorable Mayor Randall L. Woodfin, is Mayor of the City of Birmingham, and a citizen and ratepayer for water services provided by the Birmingham Water Works Board.

3. Plaintiff, Clinton P. Woods, is a Birmingham City Council member, and a citizen and ratepayer for water services provided by the Birmingham Water Works Board.

4. Plaintiff, Hunter Williams, is a Birmingham City Council member.

5. Plaintiff, Valerie A. Abbott, is a Birmingham City Council member and a citizen and ratepayer for water services provided by the Birmingham Water Works Board.

6. Plaintiff, Jonathan T. ("J.T.") Moore, is a Birmingham City Council member and a citizen and ratepayer for water services provided by the Birmingham Water Works Board.

7. Plaintiff, Darrell O'Quinn, is a Birmingham City Council member and a citizen and ratepayer for water services provided by the Birmingham Water Works Board.

8. Plaintiff, Crystal Smitherman, is a Birmingham City Council member.

9. Plaintiff, Wardine T. Alexander, is a Birmingham City Council member.

10. Plaintiff, Carol E. Clarke, is a Birmingham City Council member and a citizen and

a ratepayer for water services provided by the Birmingham Water Works Board.

11. Plaintiff, LaTonya A. Tate, is a Birmingham City Council member, and a citizen and ratepayer for water services provided by the Birmingham Water Works Board.

12. The City of Birmingham is an Alabama municipal corporation.

13. All Plaintiffs will be hereafter referred to as "City Plaintiffs."

14. Defendant, Kay Ivey, is the Governor of the State of Alabama.

15. Jurisdiction is proper in the United States District Court for the Middle District of Alabama, pursuant to 28 U.S.C.A. §§ 2201, 1331, 1343(a)(3), (a)(4), supplemental jurisdiction under §1367(a), and Federal Rule of Civil Procedure 65.

16. Venue proper is under U.S.C.A. § 1391.

## FACTUAL BACKGROUND

1. On or about April 17, 2025, the Alabama State Senate introduced Senate Bill 330 ("SB330").

2. On or about May 1, 2025, SB330 obtained final passage in the Legislature and awaits the Governor's signature.

3. SB330 would convert the Birmingham Water Works Board into a regional water works board.

4. SB330 would also restructure the Birmingham Water Works Board and diminish the oversight and appointing authority of the City of Birmingham ("Birmingham") and elected officials in Jefferson County, leading to consequential decisions that do not align with the needs of our residents.

5. The citizens of Jefferson County make up more than 90% of Birmingham Water Works customers, and the citizens of Birmingham make up more than 40% of the customer base.

6. Birmingham built the water utility and is more invested than any other community in its success. Water is a critical component of economic development, and Birmingham is the economic engine of the state, contributing about 30% of our entire state's gross domestic product.

7. SB330, however, will result in disproportionate representation of customers served by the Board, in that a county with only 592 customers (Blount), will have significantly greater representation per capita than Jefferson County, with 202,316 customers, or the City of Birmingham, with 90,411 customers. To further illustrate the point, it should be noted that Walker County, despite currently having only 73 Birmingham Water Works customers, would have authority to appoint one member to the Board in the event it is determined that a "Major Reservoir" exists in the County.

8. SB330 represents extreme governmental overreach in response to perceived management issues that the Legislature apparently believes are somehow due to Birmingham's appointees to the Water Works Board, and, despite the fact that the Board currently includes directors appointed by the Jefferson County Mayors Association and both Shelby and Blount Counties, SB330 reduces Board appointments only for Birmingham, from six total appointments to two.

9. The implication that any perceived problems with the Water Works Board's management are due to the majority of Board members being appointed by Birmingham is wholly unsupported, is based strictly on the racial makeup of Birmingham being more than 50% black, presents issues of constitutionality and fundamental fairness, constitutes blatant racial discrimination, and is an affront to Birmingham's elected leadership and its citizens.

10. There is no legitimate basis for the apparent assumption that management of the Water Works Board will be improved if Birmingham has fewer appointments.

## COUNT I—EQUAL PROTECTION

11. The City Plaintiff hereby incorporates by reference the allegations and averments contained in paragraphs one (1) through ten (10) as if fully set forth herein.

12. The Equal Protection Clause requires the government to treat similarly situated persons in a similar manner. *Gary v. City of Warner Robins, Ga.*, 311 F.3d 1334, 1337 (11th Cir.2002).

13. The United States Supreme Court has recognized, as recently as 2023, that "'Alabama's extensive history of repugnant racial and voting-related discrimination is undeniable and well documented.'" *Allen v. Milligan*, 599 U.S. 1, 22, 143 S. Ct. 1487, 1506, 216 L. Ed. 2d 60 (2023) (quoting *Singleton v. Merrill*, 582 F. Supp. 3d 924, 1020 (N.D. Ala. 2022)).

14. True to history, the Alabama State Legislature enacted SB330, which is a bill that strips the City of Birmingham, a majority African American city, of its power to appoint a majority of the directors to Birmingham Water Works Board.

15. The apparent basis for this deprivation, as listed in the legislative "findings", is described as follows: "Water works boards described in Section 11-50-300, Code of Alabama, 1975, where the power to appoint a controlling number of the members of a board of directors is vested in a municipality whose voting residents comprise a fraction of the individuals served by the municipally controlled water works."

16. Although masquerading in facially neutral terms, the "findings" relate exclusively to the City of Birmingham and the Birmingham Water Works Boards as the Birmingham Water Works Board is the only current state-wide water utility entity that fits the criteria stated in the legislative "findings."

17. There is no rational basis to support this "finding."

18. Currently, Birmingham Water Works is governed by a nine-member Board of Directors. Two directors are appointed by the Mayor of Birmingham, four directors are appointed by the Birmingham City Council, one director is appointed by the Jefferson County Mayors Association, one director is appointed by the Shelby County Commission and one director is appointed by the Blount County Commission. The Birmingham Water Works Board also provides water services to Walker County.

19. Approximately 67% of Birmingham residents identify as African American, as compared to approximately 2.0% of Blount County residents, 6.3% of Walker County residents, 14.7% of Shelby residents, 43.4% and Jefferson County residents. [1]

20. Thus, while 67% of the population of the City of Birmingham is African American, the populations of each of the surrounding areas which stand to gain disproportionate control of the Birmingham Water Works Board are majority white.[2]

21. The selection scheme mandated by SB3330 deprives the City Plaintiff of the effective and meaningful participation in the affairs of the Birmingham Water Works Board by diluting the City Plaintiffs' appointment authority.

22. SB330 clearly discriminates against the City Plaintiffs, impermissibly treating them differently than similarly situated ratepayers based on race.

23. SB330 violates the Equal Protection Clause of the United States Constitution.

## COUNT II—VOTING RIGHT ACT VIOLATIONS

24. The City Plaintiff hereby incorporates by reference the allegations and averments contained in paragraphs one (1) through twenty-three (23) as if fully set forth herein.

---

[1] Census figures were derived from the 2024 census.
[2] In Jefferson County the number of individuals who identify as white alone is approximately 52%. For Shelby County it's, 80.7%. For Walker County, it's 90.7%. For Blount County, it's 95.3%. For the City of Birmingham, it's 25.6%.

25. Section 2 of the Voting Rights Act was designed to "eradicat[e] voting practices that 'minimize or cancel out the voting strength and political effectiveness of minority groups' " and prohibits "all States and their political subdivisions from maintaining any voting 'standard, practice, or procedure' that 'results in a denial or abridgement of the right ... to vote on account of race or color.' " *Reno v. Bossier Par. Sch. Bd.*, 520 U.S. 471, 479, 117 S.Ct. 1491, 137 L.Ed.2d 730(1997).

26. The selection scheme mandated by SB330 minimizes and cancels out the voting strength and political effectiveness of the City Plaintiffs by substantially and immediately diminishing their appointment authority by 67%.

27. Moreover, despite the fact that the Birmingham Water Works Board currently includes directors appointed by the Jefferson County Mayors Association and both Shelby and Blount Counties, SB330's reduction in appointment authority **only** applies to the City Plaintiffs -- reducing their authorities in their official capacities and their rights to fair and proportional representation in their individual capacities.

28. SB330's reduction of the City Plaintiffs' appointment authority is also disproportionate to the percentage of water consumers residing in the City of Birmingham's jurisdictional limits.

29. Thus, while appearing facially neutral, SB330 instead works to highjack control of the Birmingham Water Works Board from the majority black City of Birmingham with flagrant disregard for the voting rights of the City Plaintiffs.

### COUNT III—SB330 VIOLATES THE SUPREMACY CLAUSE OF THE UNITED STATES CONSTITUTION

30. The City Plaintiff hereby incorporates by reference the allegations and averments contained in paragraphs one (1) through twenty-nine (29) as if fully set forth herein.

31. Under Article VI of the United States Constitution, the "Constitution, and the laws of the United States which shall be made in Pursuance thereof,…shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, anything in the Constitution or Laws of any State to the contrary notwithstanding."

32. The selection scheme mandated by SB330 violates the United States Constitution and federal law.

### COUNT IV—SB330 VIOLATES DUE PROCESS CLAUSE OF THE UNITED STATES CONSTITUTION

33. The City Plaintiff hereby incorporates by reference the allegations and averments contained in paragraphs one (1) through thirty-two (32) as if fully set forth herein.

34. Public corporations like Birmingham Water Works are "persons" for the 14th Amendment. *Montgomery v. Greene*, 180 Ala. 322, 333, 60 So. 900, 903 (1913). Under the Fourteenth Amendment, SB330, which has no rational classifications that apply to any entity other than the Birmingham Water Works Boad, violate due process and equal protection.

35. The Alabama Code requires consent of the Birmingham City Council by resolution to amend the Certificate of Incorporation. §§11-50-232(b), 11-50-237(c) Ala. Code (1975). Because SB330 contains no amendatory provisions and is an unlawful attempt to dilute the voting power of the City Council and amend the Certificate of Incorporation approved by the City Council, which provides that any changes regarding the operations of the Birmingham Water Works Board, the election of the board of directors, the number of board members, terms of the board members, and amount of compensation for board members must be recommended by the Birmingham Water Work Board of Directors and approved by the City Council. (Emphasis added).

36. A government using the excuse of police power to take away property and contract rights of a public corporation is an appropriation without compensation and the violation of the

right to contract as the District Court stated in *L.A. Gas & Elec. Co. v. Los Angeles*, 241 F. 912, 920-21 (S.D. Cal. 1917):

37. Accordingly, the Legislature's takeover of the Birmingham Water Works Board is a taking without Due Process.

38. The members of the Birmingham Water Works Board are appointed by the City of Birmingham, and have management rights, which are property rights, which have clearly been taken away and impaired by SB330.

39. SB330 preserves eight separate classifications that exempt all other waterworks or other corporations in the State of Alabama from the operation of the Act in violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment and similarly construed Alabama Constitutional Provisions.

40. The rights of the citizens who incorporated the Birmingham Water Works Board to make a contract with the City of Birmingham, as contained in its Articles of Incorporation, for the acquisition of, and to own and manage, the water utility assets entrusted to Birmingham Water Works Board, under the terms of its Articles of Incorporation, is just as sacred and protected and the right of any other corporation or individual to contract for the acquisition of property. The City Plaintiffs should be free from governmental taking or impairment or arbitrary or unequal application of law. *See generally*, *Cotting v. Godard*, 183 U.S. 79, 107-113 (1901).

### COUNT V—SB330 VIOLATES THE CONTRACTS CLAUSE OF THE UNITED STATES CONSTITUTION

41. The City Plaintiff hereby incorporates by reference the allegations and averments contained in paragraphs one (1) through forty (40) as if fully set forth herein.

42. SB330 violates the contracts clause of the United States Constitution.

43. SB330 substantially impairs the City Plaintiff's contractual agreements with the Birmingham Water Works Board in that the legislation completely eviscerates the City Plaintiffs' right to approve amendments to the Board's articles of incorporation. §11-50-232(b), Ala. Code 1975.

44. SB330 also works to ameliorate the City Plaintiffs' reversionary property right as established under §11-50-237(c) of the Alabama Code.

45. SB330 substantially and unconstitutionally impairs the franchise agreements between the City of Birmingham and the Birmingham Water Works, as well as any franchises granted by other municipalities to the Birmingham Water Works.

46. Under Section 3 of SB330, §11-50-300.06 provides:

> "(c)(1) A regional board may not make payments to any municipality, county, or other entity except for reasonable consideration in payment for goods or services required in the operation or management of the systems operated by the regional board.
>
> "(2) The Attorney General shall enforce this subsection by filing a complaint seeking to prevent or to recoup amounts paid by the regional board in violation of this subsection and to obtain other remedies as may be appropriate under the circumstances, in the Circuit Court of Montgomery County, which shall have exclusive jurisdiction of the matter.""

47. The City of Birmingham has granted certain franchise agreements to the Birmingham Water Works Board to operate in the public rights of way of the City. These agreements include payment to the City for those rights. A franchise is not "goods or services", it is consent to and grant of a privilege granted by sovereign authority.

48. §11-50-300.06 (c)(1) and (2) infringe on the City's right to control the operation of public utilities and private enterprises in its rights of way under Ala. Const. Art. XII, section 220, which states:

> "No person, firm, association, or corporation shall be authorized or permitted to use the streets, avenues, alleys, or public places of any city, town, or village for the construction or operation of any public utility or private enterprise, without first obtaining the consent of the proper authorities of such city, town, or village."

49. In *City of Mobile v. Farrell*, 158 So. 539, 540–41 (Ala. 1934), the Alabama Supreme Court said:

> "The right to use the public streets for hire does not exist in public or private enterprises. The privilege is a grant by sovereign authority, and is what is generally termed a franchise. … In the United States, the state Legislature has succeeded to sovereign authority in this respect, subject to constitutional limitations. … The effect of a legislative franchise is limited by constitutional restrictions, such as contained in sections 22, 220, and 228, Constitution of 1901. **Section 220 was not intended to divest the state of its sovereign power and invest it in cities. But it means that the right of the Legislature to grant a franchise for the use of streets in a city or town for a public utility or private enterprise is subject to the consent of such city or town.**" (Emphasis added; internal citations omitted.)

50. Further, as utility franchises are granted through agreements that include payment for the privilege to use the public rights of way, §11-50-300.06 (c)(1) and (2)'s limiting payments from the regional board to a municipality only to goods and services impair those existing franchise agreements in violation of Ala. Const. Art. I, § 22.

> Section 22 states:
>
> "That no ex post facto law, nor any law, impairing the obligations of contracts, or making any irrevocable or exclusive grants of special privileges or immunities, shall be passed by the legislature; and every grant or franchise, privilege, or immunity shall forever remain subject to revocation, alteration, or amendment."

51. SB330 substantially and unconstitutionally impairs the franchise agreements between the City of Birmingham and the Birmingham Water Works, as well as any franchises granted by other municipalities to the Birmingham Water Works.

52. SB330's substantial impairment of the contractual relationship with the Birmingham Water Works Board does not serve a reasonable and necessary important public purpose.

### COUNT VI—SB330 VIOLATES ARTICLE VII, SECTIONS 173 AND 175 OF THE ALABAMA CONSTITUTION

53. The City Plaintiff hereby incorporates by reference the allegations and averments contained in paragraphs one (1) through fifty-two (52) as if fully set forth herein.

54. Section 3 of SB330, authorizing the removal of directors by individual appointing authorities, violates the Alabama Constitution under the Alabama Supreme Court's reasoning in *Roberts v. Fredrick*, 328 So.2d 277 (Ala. 1976).

55. In *Roberts*, the Supreme Court found that the state code provision allowing a mayor, the appointing authority for a housing board, to remove a member of the housing board for cause was repugnant to the Constitution. As a public officer, the Court noted, the housing board member could only be removed pursuant to Ala. Const. Article VII, Sec. 173 and Sec. 175. *Roberts v. Fredrick*, 295 Ala. at 284, 328 So. 2d at 279.

56. Similarly, as the directors of the Birmingham Water Works Board are public officers (*see McCullough v. State ex rel. Burrell*, 352 So. 2d 1121, 1123 (Ala. 1977) (finding that members of a water and sewer board that is organized by law to perform municipal functions are public officers), they could only be removed from their positions by the manner and mechanism provided in Sections 173 and 175 of the Alabama Constitution. Removal by individual appointing authorities, as is impermissibly authorized in SB330, would be repugnant to the state constitution.

57. It is also important to note that SB 330 **does not** include severability provisions. Thus, as § 11-50-300.03(i) clearly violates the Alabama Constitution, the entire bill is invalid.

### COUNT VII—SB330 VIOLATES ARTICLE XVII, SECTIONS 280 OF THE ALABAMA CONSTITUTION

58. The City Plaintiff hereby incorporates by reference the allegations and averment contained in paragraph one (1) through fifty-seven (57) as if fully set forth herein.

59. Section 11-50-300.03(c)(3) of SB330 permits "elected public officials" to be appointed as directors on regional boards.

60. Moreover, § 11-50-300.03(j) mandates that each director "shall be entitled to receive compensation of two thousand dollars ($2,000) per month…as well as reimbursement for necessary expenses actually incurred by him or her in connection with the performance of his or her duties."

61. By permitting public officials to hold two offices of profit at the same time, SB330 is violative of Article XVII, § 280 of the Alabama Constitution (stating that "[n]o person holding an office of profit under the United States, except postmasters, whose annual salaries do not exceed two hundred dollars, shall, during his continuance in such office, hold any office of profit under this state; nor, unless otherwise provided in this Constitution, shall any person hold two offices of profit at one and the same time under this state, except justices of the peace, constables, notaries public, and commissioner of deeds.").

62. Again, SB330 **does not** include severability provisions. Thus, as § 11-50-300.03 clearly violates the Alabama Constitution, the entire bill is invalid.

### COUNT VIII—SB330 VIOLATES ARTICLE XII, SECTION 220 OF THE ALABAMA CONSTITUTION

63. The City Plaintiff hereby incorporates by reference the allegations and averment contained in paragraph one (1) through sixty-two (62) as if fully set forth herein.

64. The City of Birmingham has granted certain franchise agreements to the

13

Birmingham Water Works Board to operate in the public rights of way of the City. These agreements include payment to the City for those rights. A franchise is not "goods or services", it is consent to and grant of a privilege granted by sovereign authority.

65.    §11-50-300.06 (c)(1) and (2) infringe on the City's right to control the operation of public utilities and private enterprises in its rights of way under Ala. Const. Art. XII, section 220.

66.    Further, as utility franchises are granted through agreements that include payment for the privilege to use the public rights of way, §11-50-300.06 (c)(1) and (2)'s limiting payments from the regional board to a municipality only to goods and services impair those existing franchise agreements in violation of Ala. Const. Art. I, § 22.

67.    SB330 substantially and unconstitutionally impairs the franchise agreements between the City of Birmingham and the Birmingham Water Works, as well as any franchises granted by other municipalities to the Birmingham Water Works. This substantial impairment of the contractual relationship with the Birmingham Water Works Board does not serve a reasonable and necessary important public purpose.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED**, the City Petitioners pray that this Honorable Court issues an order granting the following relief:

1.    That this Honorable Court would declare that SB330 violates both the United States and Alabama Constitutions.

2.    That this Honorable Court sets an emergency hearing for consideration of the City Plaintiffs' motion to enjoin, restrain, and otherwise prevent the Defendants (named and/or fictitious) from signing SB330 into law.

3.    That this Honorable Court sets an emergency hearing for consideration of the City

Petitioners' motion to enjoin, restrain, and otherwise prevent of the Respondents (named and/or fictitious) from implementing SB330.

4. That this Honorable Court would stay the operation, enforce, execution, and application of SB330.

5. That, alternatively, this Honorable Court would order the Governor to send SB330 back to the Legislature for revisions that are not violative of either the United States Constitution of the Constitution of the State of Alabama.

6. That, this Honorable Court enters an award of attorney's fees for the prosecution of this action.

7. That, this Honorable Court awards any other relief it deems appropriate.

Respectfully Submitted,

*/s/Nicole E. King*
**Nicole E. King**
**City Attorney**

*/s/ Joseph R. Abrams*
**Joseph R. Abrams**
**Chief Assistant City Attorney**

*/s/ Samantha Chandler*
**Samantha A. Chandler**
**Assistant City Attorney**

**OF COUNSEL:**
**CITY OF BIRMINGHAM OFFICE OF THE CITY ATTORNEY**
710 North 20th Street, Suite 600
Birmingham, Alabama 35203
Telephone: (205) 254-2369
Facsimile: (205) 297-1802
nicole.king@birminghamal.gov
joseph.abrams@birminghamal.gov
Samantha.chandler@birminghamal.gov

***STATE OF ALABAMA***

***JEFFERSON COUNTY***

## VERIFICATION

I, Randall L Woodfin, do hereby certify and acknowledge under oath that the above-mentioned facts are true and correct to the best of my knowledge, information and belief.

This ___ day of May, 2025.

_____
Randall L. Woodfin

Sworn to and subscribed before me on this 5th day of May, 2025

_____
NOTARY PUBLIC
MY COMMISSION EXPIRES:

BRIDGETTE EDWARDS BROWN
NOTARY PUBLIC
STATE OF ALABAMA
COMM. EXP. 06-27-2026

**DEFENDANTS TO BE SERVED PERSONALLY BY PRIVATE PROCESS SERVER:**

Governor Kay Ivey
State Capital Building
600 Dexter Avenue
Montgomery, AL 36130

Steve Marshall
Attorney General
Office of the Attorney General
501 Washington Avenue
Montgomery, AL 36104

*/s/ Samantha A. Chandler*
**Of Counsel**

16